UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: SHOP-VAC MARKETING AND SALES
PRACTICES LITIGATION            MDL No. 2380

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, defendant Shop-Vac Corporation (Shop-Vac) moves to centralize this litigation in the Middle District of Pennsylvania. The motion encompasses six actions against Shop-Vac and/or Lowe's Companies, Inc. (Lowe's),[1] as listed on Schedule A.[2]

Although all plaintiffs support centralization, there is disagreement as to the choice of an appropriate transferee district. Plaintiffs in the Middle District of Pennsylvania and Eastern District of New York actions support centralization in the Middle District of Pennsylvania or, in the alternative, the Eastern District of New York. Plaintiffs in the District of New Jersey actions support centralization in the District of New Jersey.

On the basis of the papers filed and hearing session held, we find that these six actions involve common questions of fact, and that centralization under Section 1407 in the Middle District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The six actions involve common factual allegations arising from representations by Shop-Vac and/or Lowe's concerning the "peak horsepower" ratings on various models of Shop-Vac wet/dry vacuums. Plaintiffs in these actions allege that defendants misrepresented or misled consumers as to the "peak horsepower" ratings of the wet/dry vacuums, that the vacuums produce materially less "peak horsepower" than has been represented by defendants, and that the term "peak horsepower" is itself misleading in light of the actual operation of the vacuums under normal usage conditions.

Centralization will avoid duplicative discovery, eliminate the risk of inconsistent pretrial rulings on class certification and other pretrial matters, and conserve the resources of the parties, their counsel, and the judiciary. Centralization also will facilitate efficient resolution of complex scientific

---

[*] Judge Charles R. Breyer took no part in the decision of this matter.

[1] Lowe's represents that the proper defendant is Lowe's Home Centers, Inc.

[2] The Panel has been notified of three potentially related actions in various districts. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

Certified from the record
Date 8/15/12
Mary E. D'Andrea, Clerk
Per /s/
Deputy Clerk

-2-

and technical questions and will streamline discovery with respect to plaintiffs' independent laboratory testing.

    The Middle District of Pennsylvania is an appropriate transferee district for this litigation. Two of the six actions are pending there, and Shop-Vac's headquarters are located in this district. The primary witnesses, physical evidence, and documentary evidence likely will be located there. Judge Yvette Kane is an experienced jurist, and is currently presiding over two of the actions. We are confident that she will steer this litigation on a prudent course.

    IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Middle District of Pennsylvania are transferred to the Middle District of Pennsylvania and, with the consent of that court, assigned to the Honorable Yvette Kane for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil      W. Royal Furgeson, Jr.
Barbara S. Jones      Paul J. Barbadoro
Marjorie O. Rendell

IN RE: SHOP-VAC MARKETING AND SALES
PRACTICES LITIGATION                                            MDL No. 2380

## SCHEDULE A

### District of New Jersey

Alan McMichael v. Shop-Vac Corporation, C.A. No. 2:12-00726
Andrew Harbut v. Shop-Vac Corporation, C.A. No. 2:12-01474
Clay Scott, et al. v. Shop-Vac Corporation, et al., C.A. No. 2:12-02504

### Eastern District of New York

Igor Selizhuk v. Shop-Vac Corporation, C.A. No. 2:12-02575

### Middle District of Pennsylvania

Emanuele DiMare v. Shop-Vac Corporation, C.A. No. 4:12-01019
Deborah Blaylock v. Shop-Vac Corporation, C.A. No. 4:12-01020